Alan H. Weinreb, Esq. (AW 9361)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
Facsimile: (516) 945-6056
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
WEST COAST 2014-7, LLC,                                    Civil Action No.:
                        Plaintiff,
                                                           **VERIFIED COMPLAINT**
         -against-

DONALD TOLSON a/k/a DONALD P. TOLSON; DLJ
EQUITIES LLC; BOARD OF DIRECTORS OF COVENTRY
MANOR TOWNHOUSES HOMEOWNERS ASSOCIATION;
NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; THE CLERK OF THE SUFFOLK COUNTY
DISTRICT COURT; and JOHN DOE "1" through "12" said
names being fictitious, parties intended being possible tenants
or occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the premises,
                        Defendant(s).
-------------------------------------------------------------------------X

      Plaintiff, West Coast 2014-7, LLC (hereinafter, "West Coast"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants DONALD TOLSON a/k/a DONALD P. TOLSON, DLJ EQUITIES LLC, BOARD OF DIRECTORS OF COVENTRY MANOR TOWNHOUSES HOMEOWNERS ASSOCIATION, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, THE CLERK OF THE SUFFOLK COUNTY DISTRICT COURT, and John Doe "1" through "12", respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 18 Amesworth Court, Middle Island, NY 11953, known on the Suffolk County Tax Map as DISTRICT: 0200 SECTION: 347.00 BLOCK: 2.00 LOT: 45.000 in the County of Suffolk, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Plaintiff West Coast is a California Limited Liability Company and is a citizen of the State of California where it maintains its principle place of business at 7911 Warner Ave., Huntington Beach, CA 92647. West Coast's members are citizens of the States of California and Colorado.

3. Defendant Donald Tolson a/k/a Donald P. Tolson (hereinafter, "Donald Tolson"), upon information and belief, is a resident and citizen of the State of New York, having an address at 191 McKinley Drive, Mastic Beach, NY 11951. Donald Tolson is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4. DLJ Equities LLC, upon information and belief, is a citizen of the State of New York, having an address of 45 Sarah Drive, Farmingdale, New York 11735. It is a party defendant by virtue of it being the title owner of the premises by deed dated October 13, 2014 and recorded on December 22, 2014 in Liber 12801 Page 288 in the Suffolk County Clerk's Office.

5. The Board of Directors of Coventry Manor Townhouses Homeowners Association, upon information and belief, is a citizen of the State of New York, having an address of c/o ABM Management, 310 Northern Blvd, Suite 6, Great Neck, NY 11021. It is a party defendant by virtue of it being the holder six (6) of a Judgment Liens for unpaid common charges against the premises.

6. The New York State Department of Taxation and Finance, having an address of W.A. Harriman Campus, Albany, NY 12227 is an entity of New York State and the holder of a Tax Warrant for $5,233.40 filed on May 20, 2011 against the premises. Upon information and belief, The New York State Department of Taxation and Finance is a citizen of New York State.

7. The Clerk of the Suffolk County District Court, having an address of 400 Carleton Avenue, Central Islip, NY 11722 is a party defendant by virtue of it being a judgment creditor by virtue of a Suffolk County Court judgment docketed on November 26, 2014 against the premises. Upon information and belief, The Clerk of the Suffolk County District Court is a citizen of New York State.

8. Upon information and belief, the John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including interests, in and to any subordinate judgment or liens upon the Subject Property. Such Defendants are joined as party defendants herein for the purpose of foreclosing and terminating their respective interests in and to the mortgaged premises.

9. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or

lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

10. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

11. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391(a)(2). A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## FACTUAL BACKGROUND

12. This action is brought to foreclose a mortgage made by Donald Tolson set out as follows: Mortgage bearing date July 18, 2007, made by Donald Tolson to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, to secure the sum of $114,000.00 and interest, recorded in Liber 21592 Page 605 in the Office of the Clerk for the County of Suffolk on August 27, 2007. Said lien covers the premises known as 18 Amerworth Court, Middle Island, New York 11953. A copy of the Mortgage is annexed as Exhibit "B".

13. On July 18, 2007, Donald Tolson executed and delivered a Note to Countrywide Bank, FSB in the amount of $114,000.00. A copy of the Note with endorsements is annexed as Exhibit "C".

14. On April 3, 2012, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, assigned its Mortgage by written Assignment to Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans

Servicing LP. This Assignment was recorded on April 18, 2012 in the Office of the Clerk for the County of Suffolk in Liber 22193 Page 600. An Allonge was affixed to the Note, as well.

15. On January 11, 2013, the Mortgage and Note were assigned by written Assignment to Wells Fargo Bank, National Association, as successor to Wachovia Bank, National Association f/k/a First Union National Bank. This Assignment was recorded on March 18, 2013 in the Office of the Clerk for the County of Suffolk in Liber 22316 Page 880.

16. On January 21, 2015, the Mortgage and Note were assigned by written Assignment to Plaintiff. This Assignment was recorded on May 5, 2015 in the Office of the Clerk for the County of Suffolk in Liber 22589 Page 444. Copies of the aforementioned Assignments are annexed as Exhibit "D", respectively.

17. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

18. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

19. Pursuant to the terms of the mortgage, in addition to principal and interest, the mortgagee can collect and charge to the loan all amounts necessary to pay for taxes, assessments, leasehold payments or ground rents (if any), hazard insurance and mortgage insurance.

20. The Mortgage further provides that in case of default in the payment of any payment of any principal or interest or any other terms, covenants or conditions of the mortgage, the holder of the mortgage could declare the entire indebtedness secured by the mortgage immediately due and payable, and the holder of the mortgage is empowered to sell the mortgaged premises according to law.

21. Donald Tolson failed to comply with the terms, covenants and conditions of said Note and Mortgage by failing and omitting to pay to the plaintiff, the payments due on July 1, 2012 and said default in payment has continued for a period in excess of fifteen (15) days.

22. Pursuant to the terms of the note and mortgage, the plaintiff has elected and does hereby elect to declare the entire principal balance to be due and owing.

23. Plaintiff has complied with the contractual provisions in the mortgage, in that a 30-day notice to cure was issued on February 6, 2015 (the "Default Notice") advising of the acceleration of the loan and that by virtue of his continuing default under the Note and Mortgage, Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. As Defendant Donald Tolson does borrower occupy the residence as his principal dwelling, the 90-day notice provided by RPAPL 1304(1) is not required. Copies of the aforementioned Default Notice with proof of mailing is annexed hereto as Exhibit "E".

24. The mortgage was originated in compliance with all provisions of section 595-a of the New York Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking Law.

25. As of the date herein, Donald Tolson has failed to respond to the Default Notice.

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of October 26, 2015, amounts to $113,299.60 (One Hundred Thirteen Thousand Two Hundred Ninety Nine Dollars and Sixty Cents);

  b. Attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

  c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

26. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

  a. Any state of facts that an inspection of the premises would disclose.

  b. Any state of facts that an accurate survey of the premises would show.

  c. Covenants, restrictions, easements and public utility agreements of record, if any.

  d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

  e. Any right of tenants or person in possession of the subject premises.

  f. Any equity of redemption of the United States of America to redeem the premises with 120 days from date of sale.

  g. Prior lien(s) of record, if any.

27. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority

thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

28. Plaintiff shall not be deemed to have waived, altered, released or changed the election herein fore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

29. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers

and duties; and that the Defendant Donald Tolson may be adjudged to pay the whole residue (unless discharged of this debt by the United State Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment; and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment; and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: October 26, 2015
       Syosset, New York

    Yours, etc.
    The Margolin & Weinreb Law Group, LLP
    Attorneys for Plaintiff

    By: _____
    Alan H. Weinreb, Esq. (AW 9361)
    165 Eileen Way, Suite 101
    Syosset, New York 11791
    Telephone (516) 945-6055
    Facsimile (516) 945-6056
    alan@nyfclaw.com

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: October 26, 2015
        Syosset, New York

_____
ALAN H. WEINREB (AW9361)